UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:21-cr-40071-JPG |
| DIEGO ALEJANDRO MONTES-ROLDAN, | Related Case No. 3:24-cv-01594-JPG |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Diego Alejandro Montes-Roldan's response to the Court's previous order. (Docs. 107, 112). Being duly advised in the premises, having fully considered the issues and arguments raised, the Court hereby **EXTENDS** the deadline to file a notice of appeal to **July 11, 2024**, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, **STAYS** his pending § 2255 petition (3:24-cv-01594-JPG), and **WARNS** him of the potential consequences of raising an ineffective assistance of counsel claim on direct appeal.

On February 5, 2024,[1] the defendant, Montes-Roldan, pled guilty to Count 4 of the second superseding indictment—travel with intent to engage in illicit sexual contact with a minor, in violation of 18 U.S.C. § 2423(b). (Docs. 72, 99). On May 28, the Court sentenced the defendant to a 240-month term of imprisonment and entered judgment accordingly.

On June 12, the defendant filed this motion claiming that he received ineffective assistance of counsel. It was unclear from the defendant's motion whether he intended the filing to serve as a notice of appeal or a motion to vacate his sentence under 28 U.S.C. § 2255. While ineffective assistance of counsel claims are usually reserved for § 2255 petitions, a defendant can

---

[1] Unless otherwise stated, all dates are in 2024.

pursue an ineffective assistance of counsel claim on appeal.

To be considered timely, a defendant's notice of appeal or functional equivalent must be filed within fourteen days of the entry of judgment. Fed. R. App. P. 4(b). Here, the judgment was entered on May 28 and the defendant's motion was not filed until June 12—fifteen days after the entry of judgment—making an appeal untimely.

However, when a defendant is in custody, the effective date used for evaluating the timeliness of a notice of appeal is not the date that the notice or functional equivalent is filed with the court, but the date the prisoner deposited their filing into the prison mailing system. Fed. R. App. P. 4(c)(1)(A)(II). The Court observed that the defendant deposited his motion on June 10—thirteen days after the entry of judgment—making a notice of appeal or functional equivalent timely; if he intended his motion to serve as one.

The Court entered an order instructing Montes-Roldan to clarify whether his motion was intended to serve as a notice of appeal or functional equivalent, or alternatively, whether his motion was intended to serve as a habeas petition under § 2255; otherwise, the Court would construe his motion as a § 2255. (Doc. 107). The Court gave Montes-Roldan until July 10 to clarify whether he wished his filing to be construed as a notice of appeal or functional equivalent. The Court also gave Montes-Roldan until July 28 to clarify whether he wished his motion to be construed as a § 2255 or not.

On June 16, Montes-Roldan responded to the Court's order, writing that he wished for the Court to regard his motion as a § 2255. (Doc. 109). Accordingly, the Court construed his motion as a § 2255 and directed the Clerk of Court to open a new civil case with Montes-Roldan's initial motion and its subsequent, related filings. (Doc. 110). That civil case bears the case number 3:24-cv-1594 and is currently pending.

Not long after the Court had construed Montes-Roldan's motion as a habeas petition pursuant to § 2255—per his express desire—he filed another document, (Doc. 112), where he expressly asks for his initial motion, (Doc. 106), to be considered a notice of appeal. In that filing, he also states that he intends to file a § 2255 after his appeal is resolved. Montes-Roldan filed that document on July 10, (Doc. 112), and it appears he deposited the letter into the prison's mail system on July 8—either on or before the Court's initial July 10 deadline to clarify whether his initial motion was intended to be a notice of appeal.

While Montes-Roldan has provided conflicting statements, at the very least his filing on July 10, 2024, (Doc. 112), serves as a notice of appeal or functional equivalent. That document has been forwarded to the Court of Appeals accordingly. (Doc. 115).

As Montes-Roldan's filing was received before the deadline to clarify expired, and the notice of appeal transmitted to the Court of Appeals was filed on July 10, 2024; the Court finds good cause to extend the time to file a notice of appeal to July 11, 2024, pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure.[2] Therefore, the notice of appeal—whether regarded as Montes-Roldan's initial motion filed on June 12, (Doc. 106), or his filing on July 10, (Doc. 112)—was filed within the appellate filing window.

As Montes-Roldan seems intent on filing a § 2255 after his appeal is resolved, for the sake of judicial efficiency, the Court will stay those proceedings rather than dismissing the petition as being untimely.

However, before Montes-Roldan proceeds with his appeal, as he is currently proceeding pro se, the Court is obliged to warn him that—while the Court of Appeals will review ineffective

---

[2] Per Fed. R. App. P. 4(b)(4), upon a finding of excusable neglect or good cause, a court may extend the appellate filing deadline by no more than thirty days. As the initial deadline for Montes-Roldan to file an appeal expired on June 11, the Court is authorized to extend that deadline by no more than thirty days—meaning the Court may extend the appellate deadline to July 11, but no further. The Court exercises that authority here.

assistance of counsel claims in certain circumstances and filing a notice of appeal in and of itself will not preclude him from filing a § 2255 after the appeal is resolved—if he decides to pursues an ineffective assistance of counsel claim on appeal, he *cannot* raise those *same* claims in a subsequent § 2255.

There are certain limitations to an ineffective assistance of counsel inquiry on direct appeal; primarily, that the Court of Appeals does not generally consider matters outside the record. In contrast, some of his other claims are evidentiary challenges traditionally reserved for direct appeal and would be improper to raise in a § 2255. As articulated by the Court of Appeals:

> This court has often advised litigants to not raise ineffective assistance of counsel claims on direct appeal. *See United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("[W]e have said many times that it is imprudent to present an ineffective-assistance argument on direct appeal."). Because ineffective assistance of counsel claims "usually fall[] short of finding support in the original trial record," these claims are best raised in collateral proceedings. *United States v. Hardamon*, 188 F.3d 843, 847 (7th Cir. 1999). When such claims are instead raised on direct appeal, "appellate review is limited by the plain-error standard of Fed. R. Crim. P. 52(b)." *Flores*, 739 F.3d at 341. Because litigants get "to argue ineffective assistance, and for that matter any other contention, just once," raising an ineffective assistance claim on direct appeal may preclude litigants from raising the same claim on collateral review. *Id*.

*United States v. Carpenter*, 803 Fed. Appx. 959 (2020).

Here, Montes-Roldan believes the ineffective assistance was evident from the record and he believes some of the evidence was insufficient. The Court will not opine on the merit of those claims, nor is it the place of this Court to advise him on the best method to raise them. As Montes-Roldan currently lacks counsel, the Court finds it prudent to warn him of this limitation.

Montes-Roldan also notified the Court that he recently moved prisons and would like copies of the documents in his § 2255 case sent to him.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before

providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (i.e., through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. Montes-Roldan does not satisfy the criterion for free copies.

    As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. Should the defendant desire copies of any documents from the court file, he should request the documents by number and send the required prepayment.

    As a one-time courtesy, the Court will direct the Clerk of Court to mail Montes-Roldan a copy of the docket sheet in his § 2255 case (Case No. 3:24-cv-01594-JPG), and confirm that the filings he seeks are documents 1, 2, and 3—which are six pages, five pages, and six pages; respectively, for a combined total of seventeen pages.

**CONCLUSION**

Finding there is good cause, pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, the Court hereby **EXTENDS** the appellate filing deadline to **July 11, 2024**. However, the Court **WARNS** Montes-Roldan that pursuing some claims on appeal precludes him from raising those same claims in a § 2255.

For the sake of judicial efficiency, Montes-Roldan's open § 2255 petition (Case No. 3:24-cv-01594-JPG) is hereby **STAYED**. Montes-Roldan is **INSTRUCTED** to file a notice with the Court within **fourteen days** of the conclusion of his appeal. The notice should express his desire to either lift the stay and either continue, modify, or alternatively, withdraw his petition.

The Court **DIRECTS** the Clerk of Court to docket this order in both Montes-Roldan's criminal case, (Case No. 4:21-cr-40071-JPG-1), as well as in his habeas case, (Case No. 3:24-cv-01594-JPG). Additionally, the Court **DIRECTS** the Clerk of Court to mail a copy of the docket sheet in Montes-Roldan's habeas case, (Case No. 3:24-cv-01594-JPG), to him.

**IT IS SO ORDERED.**
**DATED:  July 16, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**