UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-01594-JPG |
| DIEGO ALEHJANDRO MONTES-ROLDAN, | |
| Defendant. | Related Case No. 4:21-cr-40071-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion for copies. (Doc. 7). The Defendant filed his motion on December 16, 2024. In that motion, the Defendant informs the Court that he would like a copy of his initial § 2255 motion "to start the process of filing for ineffective assistance of counsel." (Doc. 7). The Defendant alleges that he was recently transferred and was not permitted to bring any legal papers with him. This case was previously stayed when the Defendant filed a notice of appeal. Now that his appeal has been denied, he moves to resume this case, fresh off his appeal.

As the Court advised in its previous order, to receive free copies, a movant must show that (1) they have exhausted all other means of access, (2) present evidence of indigence through a certified copy of the prisoner's trust account for the preceding six months, and (3) show that those documents are necessary to resolve a pending non-frivolous matter before the Court. (Doc. 6). The Defendant has failed to attach a certified copy of his prisoner trust fund account and, on that basis alone, the Court must deny his motion. However, the Defendant has also failed to show that he has exhausted alternative means. For both these reasons, the Defendant fails to qualify for free copies.

1

The Defendant may still request these copies through the District Clerk at a rate of $0.50 per page. As a one-time courtesy, the Court will send the Defendant a complimentary copy of the docket sheet in this case, and inform the Defendant that ECF documents 1, 2 and 3 are a combined seventeen pages.

This Court stayed this case pending the resolution of his appeal. As his appeal was denied, the Court will lift the stay and allow the case to proceed. However, the Court is obliged to warn the Defendant that criminal defendants are only entitled to one § 2255 habeas petition as a matter of right. Consequently, if he chooses to proceed with this case, any subsequent § 2255 petitions will need to be certified prior to filing.

## **CONCLUSION**

Finding that the Defendant has failed to show he is indigent and failed to show that he has exhausted alternative methods, the Court hereby **DENIES** his motion for copies. (Doc. 7). The Clerk of Court is **DIRECTED** to send him a copy of the docket sheet in this case.

The Court **ADVISES** the Defendant that defendants are entitled to only one § 2255 petition as a matter of right; subsequent § 2255 petitions must be certified prior to being filed.

Previously, this Court stayed this case pending the resolution of the Defendant's appeal. (Doc. 6). As the appeal has been resolved, *see* (Crim. No. 4:21-cr-40071-JPG-1, Doc. 127), the **STAY IS LIFTED** and this case shall proceed accordingly.

**IT IS SO ORDERED.**
**DATED:  January 23, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2