UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIEGO ALEJANDRO MONTES-ROLDAN,
Reg. No. 74362-509,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 24-cv-1594-JPG

Criminal No. 21-cr-40071-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Diego Alejandro Montes-Roldan's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1]

**I.    Background**

On February 5, 2024, Montes-Roldan pleaded guilty to one count of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). The statutory sentencing range for this crime was no more than 30 years in prison, *id.*, but the parties agreed to recommend a sentence between 120 and 240 months. They also agreed that the Government would dismiss four other charges in the indictment, each carrying a mandatory minimum sentence of 10 years. The Court sentenced Montes-Roldan to serve 240 months in prison. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which dismissed his case after counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). He did not seek a writ of *certiorari* from the Supreme Court.

Montes-Roldan filed this § 2255 motion before he filed the notice of appeal in his

---

[1] The petitioner has also filed two supplements (Docs. 2 & 3), but they do not differ in any substantial way from his original petition except that he requests counsel in the second supplement (Doc. 3).

criminal case. The Court stayed this proceeding pending the outcome of that case (Doc. 6). After resolution of the appeal, the Court gave the petitioner an opportunity to amend his original § 2255 motion in light of events on appeal (Doc. 10), but he declined to do so, resting on his original motion.

In his § 2255 motion, Montes-Roldan argues that his trial counsel was constitutionally ineffective in violation of his Sixth Amendment rights because he failed to examine evidence, as he admitted during the sentencing hearing.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.

## II.     Analysis

Montes-Roldan asserts ineffective assistance of counsel at his sentencing hearing in violation of his Sixth Amendment rights. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009). To satisfy the first prong of the *Strickland*

2

test, the petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591.  "That requires a substantial, not just conceivable, likelihood of a different result."  *Thornell v. Jones*, 602 U.S. 154, 163 (2024) (internal quotations omitted).

The petitioner alleges his counsel was deficient because he stated at the sentencing hearing, "I never went to review the evidence at all."  Sent. Tr. 5:20 (Case No. 21-cr-40071-JPG, Doc. 123).  Montes-Roldan's conviction was based on his traveling from Indiana to Illinois for the purpose of engaging in sexual intercourse with Minor Victim 1.  Montes-Roldan believes that, had counsel looked at the evidence, he would have seen that the petitioner suspected that at some point during a TikTok messaging conversation with an undercover agent, the petitioner suspected that he was no longer talking to Minor Victim 1.  He also believes his counsel would have discovered that the petitioner never actually showed up at the house of another victim, Minor Victim 2, the basis for one of the dismissed charges.  Since his counsel did not look at the evidence, the petitioner claims he walked blindly through the sentencing.

Counsel's alleged deficiency would not have had a reasonable chance of changing the outcome of Montes-Roldan's sentencing.  While it is true that Montes-Roldan's counsel made

3

the alleged statement, he did so in a discussion about whether Montes-Roldan would be subject to a guideline enhancement applicable if the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *See* PSR ¶ 40; U.S.S.G. §§ 2G2.1, 2G1.3(c)(1) (2023).   Counsel indicated he did not review the pictures that were the basis for the PSR's recommendation for the enhancement because the parties had agreed in the plea agreement that it did not apply.   In the end, the Court rejected the enhancement, Sent. Tr. 13:17-14:2 (Case No. 21-cr-40071-JPG, Doc. 124), so even if counsel had looked at the pictures in question and successfully argued they did not warrant the enhancement, the result would have been the same.   There would not have been a reasonable chance of changing Montes-Roldan's sentence had counsel performed differently.   Montes-Roldan suffered no prejudice from counsel's conduct.

Further, to the extent Montes-Roldan believes counsel did not look at other evidence, he points to nothing suggesting that counsel actually failed look at other evidence.   Nor has he suggested how, had counsel looked at other evidence, there was a reasonable probability that his plea advice would have changed or that Montes-Roldan would have decided not to plead guilty to the one count to which he did plead guilty.   One of the pieces of allegedly overlooked evidence relating to Minor Victim 2 dealt with a count that was dismissed.   The other, which Montes-Roldan claims showed he suspected he was no longer messaging with Minor Victim 1, is not exculpatory in any material way.

Further, his plea deal was incredibly beneficial to him.   Counsel was able to secure dismissal of four counts, all of which had a mandatory minimum sentence of 10 years in prison.   Counsel was also able to secure an agreement from the Government for a recommendation of no

4

more than 20 years although the statutory maximum sentence and the PSR's recommended guideline range would have allowed far more. The result counsel obtained for Montes-Roldan was excellent, and he offers no objective evidence he would have passed up such a deal. Counsel's performance was well within the range of competent counsel and did not prejudice the petitioner.

The Court further finds that the presence of counsel would not have made a difference in the outcome of this § 2255 motion. Any request for counsel within Montes-Roldan's petition is denied.

### III.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Montes-Roldan has not made such a showing and, accordingly, declines to issue a certificate of appealability.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Montes-Roldan's § 2255 motion (Docs. 1, 2, & 3), **DENIES** a certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   September 22, 2025**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**